IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EARTHWAY PRODUCTS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CHAPIN INTERNATIONAL, INC. and** )<br>**CHAPIN MANUFACTURING, INC.** )<br>)<br>**Defendants.** ) | Case No. 23-443 |

## COMPLAINT

Plaintiff, EarthWay Products, Inc., by and through its counsel, for its Complaint against Defendants Chapin International, Inc. and Chapin Manufacturing, Inc., states and alleges as follows:

### Nature of the Action:

1. This is an action for patent infringement of U.S. Patent No. 10,993,368 ("the '368 Patent") arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 1, *et seq.*

### The Parties

2. Plaintiff EarthWay Products, Inc. ("EarthWay") is a corporation organized and existing under the laws of the State of Indiana. Its principal place of business is located at 1009 Maple St., Bristol, Indiana 46507.

3. On information and belief, and according to the online records of the Delaware Secretary of State, Defendant Chapin International, Inc. ("Chapin International") is a corporation

1

organized and existing under the laws of the State of Delaware. Its principal place of business is located at 700 Ellicott St., Batavia, New York 14021.

4.     On information and belief, and according to the online records of the New York Secretary of State, Defendant Chapin Manufacturing, Inc. ("Chapin Manufacturing") is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 700 Ellicott St., Batavia, New York 14021.

5.     Defendants Chapin International and Chapin Manufacturing are sometimes referred to collectively herein as "Chapin".

## Jurisdiction and Venue

6.     The cause of action herein for patent infringement arises under the patent law of the United States, 35 U.S.C. § 271. This Court has subject-matter jurisdiction over the claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendants Chapin at least because they, upon information and belief, engage in business and have committed acts of patent infringement in this judicial district. Defendant Chapin International has also registered to do business in New Yok with the New York State Department of State.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendant Chapin International has committed acts of infringement and has a regular and established place of business in this judicial district and Defendant Chapin Manufacturing resides in and also has committed acts of infringement and has a regular and established place of business in this judicial district.

## Factual Background

### A. The '368 Patent

8. The '368 Patent, entitled "Spread Control Mechanism" was duly and legally issued by the United States Patent and Trademark Office on May 4, 2021. A true and accurate copy of the '368 Patent is attached hereto as **Exhibit A** and made a part hereof by reference as though fully set forth herein.

9. EarthWay owns by assignment all right, title and interest in, including the right to sue thereon and the right to recover for infringement of, the '368 Patent.

10. The '368 Patent is valid and enforceable.

11. EarthWay manufactures and sells spreaders using the invention of the '368 Patent in the United States and in this judicial district.

### B. Chapin's Infringement

12. In violation of 35 U.S.C. § 271, Defendants have infringed and continued to infringe the '368 Patent by making, using, offering for sale and selling spreaders under the model numbers 8301C, 8303C, 8304C, 8400C, 8401C, and 82050C. Chapin's model 8400C spreader is shown below:



13. Defendants have had actual notice of the '368 Patent since at least June 2021. On June 22, 2021, EarthWay through its counsel sent a letter to Defendant Chapin Manufacturing that placed Defendants on formal notice of the existence of the '368 Patent and the infringement of that patent by Defendants' model 8301C, 8303C, 8400C, 8401C, 8900A, 8910A, and 82050C spreaders.

14. Having actual notice of the '368 Patent, Defendants have knowingly and willfully infringed, and continue to infringe the '368 Patent in disregard of EarthWay's rights, title and interest in the '368 Patent.

## Claim for Relief

### COUNT I
### Infringement of the '368 Patent

15. EarthWay incorporates by reference each and every allegation contained in Paragraphs 1 through 14 as though fully set forth at length here.

16. On information and belief after conducting a reasonable investigation, Defendants, without authority to do so, have infringed and continue to infringe the '368 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling spreaders under the representative model numbers 8301C, 8303C, 8304C, 8400C, 8401C, and 82050C. The infringement is active and ongoing, and occurring within and outside of this judicial district.

17. As a non-limiting representative example, a claim chart with a description of Defendants' infringement of claim 1 of the '368 Patent by the Chapin model 8400C spreader is set forth below.

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
| A <u>particulate material dispersing apparatus</u> comprising: | <u>Apparatus</u> for spreading fertilizer and other particulate matter. |
| a <u>hopper</u> including a <u>plurality of openings</u> in a bottom of the hopper; | The <u>hopper</u> (in red): <br><br> Three <u>openings</u> are provided in the bottom of the hopper. |

5

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
| a <u>shut-off adjustment plate</u> movably coupled to the hopper below the plurality of openings and including a <u>plurality of exit openings</u>, | The <u>shut-off adjustment plate</u> (removed from the spreader) with three <u>exit openings</u> is shown below:  |
| wherein the shut-off adjustment plate is <u>configured to move</u> with respect to the hopper between a <u>fully closed position</u>, in which the shut-off adjustment plate completely covers the plurality of openings in the hopper and obstructs any particulate material from flowing therefrom, to a <u>fully open position</u>, in which the plurality of exit openings align with the | The shut-off adjustment plate is movably coupled to the hopper below the plurality of openings in the bottom of the hopper and one of the three <u>exit openings</u> in the shut-off adjustment plate can be seen below:  |

6

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
| plurality of openings in the hopper thus permitting particulate material to flow therefrom; and | The shut-off adjustment plate can be seen through the three openings in the bottom of the hopper when the shut-off adjustment plate is moved to the fully closed position covering the three openings in the hopper:  When the shut-off adjustment plate is moved to the fully open position the three exit openings in the shut-off adjustment plate are aligned with the three openings in the hopper:  |

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
| a spread control mechanism disposed below the shut-off adjustment plate and including a plurality of segments, wherein the plurality of segments are configured to move between a deactivated position, in which the plurality of segments do not cover any of the plurality of exit openings in the shut-off adjustment plate thus permitting particulate material to flow therefrom, to an activated position, in which the plurality of segments cover one or more of the plurality of exit openings in the shut-off adjustment plate thus obstructing particulate material from flowing therefrom. | The spread control mechanism (removed from the spreader) is shown below:  The spread control mechanism is positioned below the shut-off adjustment plate:  |

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
|  | The spread control mechanism has two segments (in yellow) that are configured to move between a deactivated position in which the two yellow segments do not cover any of the exit openings in the shut-off adjustment plate as shown below:<br><br>and an activated position shown below where the two segments cover two of the three openings in the shut-off adjustment plate: |

9

| Claim 1 of the '368 Patent | Where found in Chapins' model 8400C spreader |
|---|---|
| |  The <u>activated position</u> of the segments covering the two openings in the shut-off adjustment plate is shown from within the hopper in the photograph below: |

18. Defendants are aware of their infringement, but nevertheless continue to infringe the '368 Patent.

19. Defendants' infringement of the '368 Patent, upon information and belief, has been willful and in conscious disregard of EarthWay's rights.

20. As a direct and proximate result of Defendants' infringement of the '368 Patent, EarthWay has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

21. EarthWay does not have an adequate remedy at law. It is now, and will in the future be, irreparably harmed and damaged by Defendants' infringement unless this Court enjoins Defendants Chapin and their subsidiaries, affiliates, parents, successors, assigns, officers, agents, representatives, servants, and employes, and all persons in active concert or participation with them from continuing its infringement.

### **Prayer for Relief:**

WHEREFORE, Plaintiff EarthWay prays for judgment against Defendants Chapin as follows:

a. That the '368 Patent is not invalid and is not unenforceable;

b. That Defendants have infringed and are infringing the '368 Patent;

c. That such infringement is willful;

d. That Defendants and their subsidiaries, affiliates, parents, successors, assigns, officers, agents, representatives, servants, and employes, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from continued infringement of the '368 Patents;

e. That Defendants be ordered to pay EarthWay its damages caused by Defendants' infringement of the '368 Patent and that such damages be trebled, together with interest thereon;

  f. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that EarthWay be awarded its reasonable attorneys' fees, litigation expenses, expert witness fees, and costs; and

  g. That EarthWay have such other and further relief as the Court deems just and proper.

**Jury Demand:**

Plaintiff demands trial by jury of all issues so triable.

Dated: May 18, 2023       Respectfully submitted,

              **HAGERTY & BRADY**

              By: s/Michael A. Brady
              Michael A. Brady
              mbrady@hagerty-brady.com
              69 Delaware Avenue, Suite 1010
              Buffalo, New York 14202
              Telephone: (716) 856-9443
              Fax: (716) 856-0511

              **HOVEY WILLIAM LLP**
              Michael B. Hurd (*pro hac forthcoming*)
              mhurd@hoveywilliams.com
              Matthew B. Walters (*pro hac forthcoming*)
              mwalters@hoveywilliams.com
              Todd Gangel (*pro hac forthcoming*)
              tgangel@hoveywilliams.com
              10801 Mastin Boulevard, Suite 1000
              84 Corporate Woods
              Overland Park, Kansas  66210
              Telephone: (913) 647-9050
              Fax: (913) 647-9057

              Attorneys for Plaintiff